UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL CHRISTIAN PRICE,<br><br>    Plaintiff,<br><br>    v.<br><br>LAMB, et al.,<br><br>    Defendants. | No. 2:17-cv-0099 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The court is awaiting receipt of the trust account statement from the California Department of Corrections and Rehabilitation. Accordingly, ruling on plaintiff's request to proceed in forma pauperis is deferred.

Plaintiff's Allegations

Plaintiff alleges that defendant Lamb, a correctional counselor responsible for assigning inmates to bus routes for transfer to different prisons, failed to route plaintiff on a bus that would not require a layover at Wasco State Prison, an institution located in an area where coccidioidomycosis, also known as "Valley Fever," is high risk or hyperendemic, particularly for inmates, like plaintiff, who suffer from Non-Hodgkins T-cell lymphoma. In addition to plaintiff's

1 medical records reflecting such diagnosis, plaintiff alleges that he has been designated as "Cocci
2 Area 1 and Area 2" restricted, confirming that due to his lymphoma diagnosis, being exposed to
3 elevated levels of the cocci fungus (prevalent in the San Joaquin Valley), could induce serious
4 illness, including death.  Plaintiff alleges that both defendant Lamb, and defendant Ramirez, a
5 Registered Nurse responsible for reviewing medical records for inmates being transferred, were
6 aware of plaintiff's restrictions yet failed to either stop or re-route his transfer.  Plaintiff filed an
7 emergency appeal on December 13, 2016, challenging the transfer, but the emergency appeal was
8 not addressed in time to stop or re-route his transfer.

9        <u>Eighth Amendment Claim</u>

10        The complaint states potentially cognizable Eighth Amendment claims for relief pursuant
11 to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) as to defendants Lamb and Ramirez.  If the
12 allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the
13 merits of this action.

14        <u>Exhaustion of Administrative Remedies</u>

15        Plaintiff declares that the grievance process is completed.  (ECF No. 1 at 3.)

16        The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to
17 provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.
18 § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
19 facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
20 Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  <u>Porter v. Nussle</u>, 534 U.S. 516,
21 524 (2002).  Exhaustion is a prerequisite for all prisoner suits regarding conditions of
22 confinement, whether they involve general circumstances or particular episodes, and whether they
23 allege excessive force or some other wrong.  <u>Porter</u>, 534 U.S. at 532.

24        "Proper exhaustion [of administrative remedies] demands compliance with an agency's
25 deadlines and other critical procedural rules."  <u>Woodford v. Ngo</u>, 548 U.S. 81, 95-96 (2006).  The
26 California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to
27 appeal administratively "any policy, decision, action, condition, or omission by the department or
28 its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or

her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Following amendments that took effect January 28, 2011, California prisoners are required to proceed through three levels of appeal to exhaust the administrative appeal process: (1) formal written appeal on a CDC 602 inmate appeal form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the Director of the CDCR. See 15 Cal. Code Regs. § 3084.1-3084.9. A final decision from the Director's level of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a). See Lira v. Herrera, 427 F.3d 1164, 1166-67 (9th Cir. 2005); see also Cal. Code Regs. tit. 15, § 3084.7(d)(3) (as amended Dec. 13, 2010).

To initiate an appeal, the inmate must submit a CDCR Form 602 describing the issue to be appealed and the relief requested to the appeals coordinator's office at the institution. Id. § 3084.2(a)-(c). An inmate must submit the appeal within 30 calendar days of: (1) the occurrence of the event or decision being appealed; or (2) first having knowledge of the action or decision being appealed; or (3) receiving an unsatisfactory departmental response to an appeal. Id. § 3084.8(b). Specific time limits apply to the processing of each administrative appeal. See Cal. Code Regs. tit. 15, § 3084.8. Absent any specific exceptions, the first and second level administrative responses are required to be completed "within 30 working days from [the] date of receipt by the appeals coordinator," and a third level response is due within 60 working days from the date the appeal is received by the appeals chief. Id.

Given the short time frame from December 13, 2016, to the present, it appears unlikely that plaintiff pursued his administrative appeal through the third level of review, particularly in light of his allegation that his appeal could not be addressed prior to his transfer at 5:30 a.m. on December 14, 2016. Plaintiff is advised that he may pursue administrative appeals, despite his transfer, by mailing appeals to Mule Creek State Prison. Moreover, because exhaustion must be completed before an action is filed in federal court, Porter, 534 U.S. at 532, this court is unable to stay this action pending administrative exhaustion.

However, failure to exhaust is "an affirmative defense the defendant must plead and prove." Jones v. Bock, 549 U.S. 199, 204, 216 (2007). Therefore, the court will not screen out the complaint based on a failure to exhaust administrative remedies, particularly in the face of

plaintiff's declaration that the grievance process is complete.  But plaintiff is cautioned that he may delay or prevent consideration of his cognizable Eighth Amendment claims if he has not properly exhausted administrative remedies prior to filing this action.  Moreover, given the proximity of time, it appears he may still have the opportunity to timely exhaust his claims.  Therefore, plaintiff may choose to voluntarily dismiss this action, obtain a third level review of his claims, and then file a new civil rights action.  The court will refrain from assessing the filing fee until plaintiff decides whether to dismiss or pursue this action.[1]  If plaintiff elects to proceed with this action, he will be required to pay the $350.00 filing fee, and if this action is ultimately dismissed based on his failure to exhaust administrative remedies prior to filing this action, he will be required to pay another $350.00 filing fee to bring a second action.

　　　　Plaintiff is cautioned that failure to timely respond to this order may result in an order imposing sanctions, including a recommendation that this action be dismissed.

　　　　In accordance with the above, IT IS HEREBY ORDERED that:

　　　　1.  Plaintiff's request for leave to proceed in forma pauperis is deferred.

　　　　2.  Within fourteen days from the date of this order, plaintiff shall complete the attached notice of election form.

Dated:  January 20, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/pric0099.fte

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.  Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee, but must pay the $350.00 filing fee.

1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11 | IMMANUEL CHRISTIAN PRICE,              No. 2:17-cv-0099 KJN P
12 |         Plaintiff,
13 |     v.                                  NOTICE OF ELECTION
14 | LAMB, et al.,
15 |         Defendants.
16
17        Pursuant to the court's order, plaintiff elects to:
18        ____        voluntarily dismiss this action without prejudice and without
19 imposition of the filing fee
20        OR
21        ____        pursue this action, despite the imposition of the filing fee, and the
22 likelihood it may be dismissed based on plaintiff's failure to exhaust administrative remedies
23 prior to filing the instant action.
24 DATED:
25
26                                          _____
                                            Plaintiff
27
28
                                        1