UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL CHRISTIAN PRICE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAMB, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0099 TLN KJN P<br><br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner, who proceeds without counsel and in forma pauperis, in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on plaintiff's original complaint against defendants Lamb and RN Ramirez. Presently pending is defendant Lamb's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the undersigned recommends that defendant Lamb be granted qualified immunity, and that this action be dismissed.

II. The Complaint

Plaintiff alleges that defendant Lamb, a correctional counselor at Mule Creek State Prison, responsible for assigning inmates to bus routes for transfer to different prisons, failed to route plaintiff on a bus that would not require a layover at Wasco State Prison, an institution located in an area where coccidioidomycosis, also known as "Valley Fever," or "cocci," is high risk or

1

endemic, particularly for inmates, like plaintiff, who suffer from Non-Hodgkins T-cell lymphoma.[1] In addition to plaintiff's medical records reflecting such diagnosis, plaintiff alleges that he has been designated as "Cocci Area 1 and Area 2" restricted, confirming that due to his lymphoma diagnosis, being exposed to elevated levels of the cocci fungus (prevalent in the San Joaquin Valley), could induce serious illness, including death. Plaintiff alleges that both defendant Lamb, and defendant Ramirez, a Registered Nurse at Mule Creek State Prison, responsible for reviewing medical records for inmates being transferred, were aware of plaintiff's restrictions yet failed to either stop or re-route his transfer. Plaintiff filed an emergency appeal challenging the transfer, but the emergency appeal was not addressed in time to stop or re-route his transfer. Plaintiff seeks money damages.

III. Motion to Dismiss: Legal Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim

---

[1] Valley Fever is "an infectious disease caused by inhalation of a fungus (Coccidioides) that lives in the soil of dry, low rainfall areas. It is spread through spores that become airborne when the dirt they reside in is disturbed by digging, construction, or strong winds. There is no direct person-to-person transmission of infection." Plata v. Brown, 2013 WL 3200587, *2-3 (N.D. Cal. June 24, 2013). Valley Fever is "endemic (native and common) to certain regions of the Southwestern United States, Mexico, and South and Central America where the climate and soil conditions are conducive to growth of the fungus. In California, most cases emanate from the southern San Joaquin Valley." Id. at 2.

2

upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

IV. Eighth Amendment

Under the Eighth Amendment, "prison officials are . . . prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." Parsons v. Ryan, 754 F.3d 657, 677 (9th Cir. 2014); see also Farmer v. Brennan, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm). Deliberate indifference occurs when "[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 841. Thus, a prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

"The second step, showing 'deliberate indifference,' involves a two part inquiry." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety."

Id. (quoting Farmer, 511 U.S. at 837). "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious." Thomas, 611 F.3d at 1150 (citation omitted). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id. (citing Farmer, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.") (footnote omitted).

IV. Qualified Immunity

Under the qualified immunity doctrine, government officials acting in their official capacities are immunized from civil liability unless their actions "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citations omitted). The qualified immunity analysis includes two prongs: (1) the facts must allege or show "a violation of a constitutional right"; and (2) the right must be "'clearly established' at the time of defendant's alleged misconduct." Id. (citations omitted). When engaging in qualified immunity analysis, district courts are required to consider the law at the time the plaintiff's injury occurred. Robinson v. Prunty, 249 F.3d 862, 866 (9th Cir. 2001).

Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Id. at 236. In resolving these issues, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff. Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003). "[P]laintiff bears the burden of proof that the right allegedly violated was clearly established." Tarabochia v. Adkins, 766 F.3d 1115, 1125 (9th Cir. 2014) (citation omitted). If the law is determined to be clearly established, the next question is whether, under that law, a reasonable official could have believed his conduct was lawful. Act Up!/Portland v. Bagley, 988 F.2d 868, 871-72 (9th Cir. 1993).

The measuring rod for determining whether an official's conduct violates a plaintiff's constitutional right was set forth by the Supreme Court in Ashcroft v. al-Kidd, 131 S. Ct. 2075, 2083 (2011). "A Government official's conduct violates clearly established law when, at the time

4

of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Lal v. California, 746 F.3d 1112, 1116 (9th Cir. 2014) (citation omitted). As the Supreme Court explained:

> "We have repeatedly told courts . . . not to define clearly established law at a high level of generality." Al-Kidd, supra, at 742, 131 S. Ct. 2074. The dispositive question is "whether the violative nature of particular conduct is clearly established." Ibid. (emphasis added). This inquiry "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" Brosseau v. Haugen, 543 U.S. 194, 198, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004) (per curiam) [citation omitted].

Mullenix v. Luna, 136 S. Ct. 305, 308 (2015). "In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" Carroll v. Carman, 135 S. Ct. 348, 350 (2014) (citations omitted).

V. Discussion

    A. The Constitutional Right at Issue

Generally, prisoners have a constitutional right to safe conditions of confinement. Farmer, 511 U.S. at 825. But here, the undersigned does not need to determine the full contours of the Eighth Amendment in the Valley Fever context, or whether plaintiff has failed to state a cognizable claim under the Eighth Amendment. Rather, due to the unsettled case law concerning Valley Fever within this district, as discussed below, the undersigned finds that defendant Lamb is entitled to qualified immunity from plaintiff's Eighth Amendment claim. Thus, the undersigned turns to the second step of the qualified immunity analysis as permitted under Pearson, 555 U.S. at 239.

    B. Was the Law Clearly Established?

        1. The Parties' Arguments

Defendant Lamb contends that as of December 2016, no Supreme Court or Ninth Circuit decision had addressed the point at which a prisoner's exposure to Valley Fever constitutes a substantial risk of serious harm in violation of the Eighth Amendment. (ECF No. 36-1 at 7.) Defendant cites Williams v. Hill, 2017 WL 1494610, at *7 (E.D. Cal. 2017) ("The Ninth Circuit

has not yet spoken on the issue of whether allegations of exposure to, or contraction of, cocci can state an Eighth Amendment claim."); Cunningham v. Kramer, 178 F. Supp. 3d 999, 1005 (E.D. Cal. 2016) ("The Court finds no Supreme Court or published Ninth Circuit case determining whether an inmate's environmental exposure to Valley Fever or other environmental organism would be a violation of the Eighth Amendment."). (ECF No. 36-1 at 7.) Defendant then discusses three unpublished cases in which the Ninth Circuit reversed dismissals of prisoners' cases alleging exposure to Valley Fever violated the Eighth Amendment. (ECF No. 36-1 at 8.) In two of those cases, defendant notes that the Circuit failed to discuss the merits or clarify what was needed to state an Eighth Amendment claim. Lenoir Smith v. Schwarzenegger, 393 F. App'x 518 (9th Cir. 2010); Johnson v. Pleasant Valley State Prison, 505 F. App'x 631 (9th Cir. 2013).) In the third case, Holley, defendant argues that the Circuit "tends to confirm the conclusion that housing inmates within the endemic area does not violate the Eighth Amendment." Holley v. Scott, 576 F. App'x 670 (9th Cir. 2014). In any event, defendant contends that reading these three unpublished cases together does "not constitute 'fair and clear warning' to defendants that allowing African-American or chronic care program inmates to remain in an area where cocci is endemic constitutes deliberate indifference." (ECF No. 36-1 at 8, quoting Williams v. Hill, 2017 WL 1494610 at *7.) Because it was not clearly established in 2016 that even permanently housing an inmate at an institution within the San Joaquin Valley violated the Eighth Amendment, defendant argues that it cannot be said that plaintiff's alleged right not to be laid-over for one night at Wasco State Prison was clearly established. (ECF No. 36-1 at 8.)

      Plaintiff counters that in Plata, on June 24, 2013, Judge Henderson concluded that CDCR defendants and Governor Brown acknowledged that cocci presents a serious risk to inmate health. (ECF No. 38 at 2, citing Plata v. Brown, 2013 WL 3200587 (N.D. Cal. June 24, 2013).) Plaintiff contends that the Cocci Exclusion Policy, adopted November 2007, and plaintiff's high risk designation identified therein, were put in place to prevent plaintiff's exposure to cocci because of his history of lymphoma. Plaintiff states he was exposed to the outside for several minutes on at least two occasions -- when getting off the bus and waiting to enter R&R, and en route to the housing unit -- and claims the R&R door was open for an extended period of time to receive and

6

release other inmates. (ECF No. 38 at 3.) Plaintiff also argues that there is no proof that Wasco State Prison's vent systems filtered out cocci spores. (ECF No. 38 at 4.)

Plaintiff now argues that the policy appears to demand absolute exclusion from the cocci endemic area, which included Wasco and North Kern State Prisons. (ECF No. 38 at 3.) Plaintiff contends he has a clearly established right to be free from cruel and unusual punishment, including deliberate indifference. (Id. at 4.)

In reply, defendant argues, *inter alia*, that Plata does not demonstrate that the constitutional right in question was clearly established in December of 2016 for the following reasons: (1) the Plata order only addressed the implementation of a policy excluding certain inmates from Pleasant Valley State Prison ("PVSP") and Avenal State Prison (ASP), identified as having the most severe cocci problems, and included nothing concerning inmates with "high-risk" medical conditions, such as lymphoma; (2) the Plata order does not find that a temporary layover of one night at a prison within the endemic region violates an inmate's Eighth Amendment rights, and thus would not put defendant Lamb on notice that allowing plaintiff's one night layover would be unlawful; (3) the Plata order does not constitute binding precedent or a "robust consensus of cases of persuasive authority," see Boyd v. Benton Cty., 374 F.3d 773, 781 (9th Cir. 2004);[2] and (4) the June 24, 2013 order in Plata existed when judges in the Eastern District determined that the right to be free from exposure to cocci was not clearly established, citing Cunningham, 178 F.Supp.3d at 1005, and Williams v. Hill, 2017 WL 1494610, at *7 . (ECF No. 39 at 3-4.) Thus, defendant argues he is entitled to qualified immunity because no legal authority, including the Plata order, demonstrate that as of December 14, 2016, it was "beyond debate" that plaintiff had a right not to be transported through the San Joaquin Valley and laid-over for one

---

[2] In Boyd, the Ninth Circuit explained that there is little guidance from the Supreme Court "as to where courts should look to determine whether a particular right was clearly established at the time of the injury," but that the Circuit begins "by looking to binding precedent." Id., 374 F.3d at 781. "If the right is clearly established by decisional authority of the Supreme Court or this Circuit, our inquiry should come to an end." Id. But when there is no binding precedent, the Circuit "look[s] to whatever decisional law is available to ascertain whether the law is clearly established for qualified immunity purposes, including decisions of state courts, other circuits, and district courts." Boyd, 374 F.3d at 781 (citations and internal quotations omitted).

7

night at Wasco State Prison.

2. Discussion

The law in this area remains unsettled. Most courts in this district have found defendants are entitled to qualified immunity because there is an absence of a clearly established right that would support a finding that any defendant had a sufficiently culpable state of mind. See, e.g., Franklin v. Giurbino, 2017 WL 24862, *1 (N.D. Cal. Jan. 3, 2017), Gregge v. Kate, 2015 WL 2448679 (E.D. Cal. May 20, 2015) at *10 (collecting cases). The most notable case is Corey Lamar Smith v. Schwarzenegger, 137 F.Supp.3d 1233 (E.D. Cal. Oct. 7, 2015), a consolidated class action, which is presently pending on appeal in the Ninth Circuit, No. 15-17155. In Corey Lamar Smith, the district court found defendants entitled to qualified immunity "because the applicable law remains unsettled and unclear," despite prisoner allegations of individual susceptibility to contracting Valley Fever because of ethnicity, compromised immune systems or advanced age. Id., 137 F.Supp.3d at 1241. Accord Williams v. Hill, 2017 WL 1494610, at *7; Boyce v. Fox, 2017 WL 404589, at *12 (E.D. Cal. Jan. 30, 2017), adopted, 2017 WL 896337 (Mar. 7, 2017); Cunningham, 178 F.Supp.3d at 1005 ("The Court finds no Supreme Court or published Ninth Circuit case determining whether an inmate's environmental exposure to Valley Fever or other environmental organism would be a violation of the Eighth Amendment," and noting that defendants would be entitled to qualified immunity on a claim that defendants housed inmates in a prison located in an area endemic for Valley Fever).

On the other hand, a few courts have identified the constitutional right at issue in a more fact-specific context and allowed the inmate's Eighth Amendment claim to proceed. In Allen, an African-American prisoner was housed at PVSP but had not yet contracted Valley Fever. Allen v. Kramer, 2016 WL 4613360 (E.D. Cal. Aug. 17, 2016). The court evaluated the defendants' qualified immunity defense identifying the constitutional right as: "Plaintiff has a right to be free from exposure to an environmental hazard that poses an unreasonable risk of serious damage to his health whether because the levels of that environmental hazard are too high for anyone in plaintiff's situation or because plaintiff has a particular susceptibility to the hazard." Id. at *12. The court found that "the serious risk of Valley Fever to human health is uncontroverted," and

denied dismissal on qualified immunity grounds. Id. See also Williams v. Biter, 2017 WL 431353 (E.D. Cal. Jan. 31, 2017) (adopting the reasoning of Allen, and finding that, where African-American inmate with hepatitis C alleged exposure to an environmental hazard posing an unreasonable risk of serious damage to his health, Valley Fever, and alleged defendants were aware of the risk yet did nothing to remedy it, defendants were not entitled to qualified immunity at that stage of the proceedings).

Another district judge declined to address the issue of qualified immunity at the pleading stage, noting that "a number of recent Ninth Circuit opinions have suggested [that] dismissal of these types of cases on qualified immunity grounds before defendants are required to file an answer is premature in a case where the prisoner had a history of chronic asthma and viral hepatitis C, and contracted Valley Fever while housed at PVSP in 2010. Shabazz v. Beard, 2017 WL 735759 (E.D. Cal. Feb. 23, 2017).

Because the law remains unsettled, the undersigned is persuaded that defendant Lamb is entitled to qualified immunity. Here, although plaintiff has a history of lymphoma, he did not allege he contracted Valley Fever, and was only housed at Wasco State Prison for one night. "[T]he Court should "not hold prison officials . . . to a higher standard of constitutional clairvoyance than the many federal judges who -- even today -- do not discern a clearly established constitutional right in similar Valley Fever cases." Jimenez v. Rothchild, 2017 WL 4675625, at *2 (S.D. Cal. Oct. 18, 2017). By December of 2016, it was not beyond debate that if you were an inmate susceptible to Valley Fever, there was a clearly established right not to be housed at Wasco State Prison, located in an area endemic for Valley Fever. There was no published Supreme Court or Ninth Circuit case law that addressed whether an inmate's exposure to Valley Fever would be a violation of the Eighth Amendment. Moreover, no consensus among district courts has developed despite the substantial litigation in this district. "The law here is underdeveloped and contradictory, and no 'consensus of cases of persuasive authority' exists such that a reasonable officer could" believe the alleged conduct was unlawful. Williams v. Hill, 2017 WL 1494610, at *7, quoting Wilson v. Layne, 526 U.S. 603, 617 (1999). Therefore, the

undersigned recommends that defendant Lamb be granted qualified immunity.³

Further, it appears that most, if not all, of the litigation to date addresses the permanent housing of inmates in prisons located within the area endemic for Valley Fever. Indeed, the policy described in Plata, and upon which plaintiff relies, is based on the permanent housing of inmates at such prisons, and does not address temporary layovers or temporary housing during transfers to other prisons for permanent housing. Here, plaintiff's deliberate indifference claim is based on a temporary housing at Wasco State Prison for only one night. Because it is unclear that the permanent housing of an inmate susceptible to Valley Fever in such an endemic area is a clear violation of the Eighth Amendment, this court cannot find that temporarily housing plaintiff in such endemic area is a clear violation of the Eighth Amendment. Thus, granting qualified immunity at the pleading stage is appropriate under the circumstances of this action.

Finally, to the extent plaintiff relies on Plata to demonstrate defendant is not entitled to qualified immunity, such effort is unavailing. Plata does not establish an Eighth Amendment right not to be exposed to Valley Fever. In Corey Lamar Smith, the court explained that:

> The Plata court only considered the effects of Valley Fever on inmates and did not address whether housing inmates in the San Joaquin Valley where they are exposed to Valley Fever would violate the Eighth Amendment. Further, while a state may adopt a policy which is more generous than what the Constitution requires, United States v. Heffner, 420 F.2d 809, 812 (4th Cir. 1969), the policy itself does not establish that environmental exposure to Valley Fever violates the Eighth Amendment.

Corey Lamar Smith, 2015 WL 2414743 at *21. The court concluded that "it is not beyond debate whether housing inmates in prisons in areas endemic for Valley Fever, a naturally occurring soil-borne fungus which can lead to serious illness, would violate their rights under the Eighth Amendment." Id. at *23. Plata is cited in Franklin v. Giurbino, 2017 WL 24862, *1 (N.D. Cal. Jan. 3, 2017).⁴ However, in Franklin, the court granted the defendants qualified immunity

---

³ As noted above, the recommendation that defendant Lamb be granted qualified immunity obviates the need to address the alternative argument that plaintiff's complaint be dismissed for failure to state a claim for relief.

⁴ In Franklin, the prisoner alleged that despite his high risk medical hold prohibiting such transfer, he was transferred to, and housed in, two different prisons located in an area endemic for

10

1  "because it was not 'beyond debate' that there was a clearly established right . . . not to be housed

2  in . . . areas with a prevalence of Valley Fever spores." Id. at *6.  Finally, as noted above, the

3  policy described in Plata addressed the permanent housing of inmates at prisons located within

4  the San Joaquin Valley.  In connection with inmates identified as susceptible to Valley Fever, the

5  policy did not address transfers of such inmates through the San Joaquin Valley, and did not

6  address the temporary housing of inmates at prisons located within the area endemic for Valley

7  Fever.  Thus, plaintiff's reliance on Plata is unavailing.

VI. Motion to Strike

On January 4, 2018, almost three months after filing his opposition, plaintiff filed a document styled, "Addendum to Plaintiff's Opposition to Defendant's Motion to Dismiss." (ECF No. 40.) On January 16, 2018, defendant filed a motion to strike the addendum as an improper and unauthorized sur-reply. (ECF No. 42.)

The Local Rules do not authorize the routine filing of a sur-reply.  L.R. 230(l). Nevertheless, a district court may allow a sur-reply "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005); accord Norwood v. Byers, 2013 WL 3330643, at *3 (E.D. Cal. 2013) (granting the motion to strike the sur-reply because "defendants did not raise new arguments in their reply that necessitated additional argument from plaintiff, plaintiff did not seek leave to file a sur-reply before actually filing it, and the arguments in the sur-reply do not alter the analysis below"), adopted, 2013 WL 5156572 (E.D. Cal. 2013).

Here, defendant did not raise new arguments in his reply, plaintiff did not seek leave to file the sur-reply, and the arguments raised in the sur-reply do not alter the court's analysis on the issue of qualified immunity. Thus, the undersigned declines to consider plaintiff's sur-reply in connection with the motion to dismiss. However, the court also declines to strike the filing because plaintiff discusses the proper name for the defendant RN who was misnamed as RN Ramirez in the complaint, and provides an exhibit identifying the nurse as "E. Tejada." (ECF No.

---

Valley Fever.  Id. at *2.

11

40 at 3, 7.)

VII. Defendant Ramirez

Service of process on defendant Ramirez was returned unexecuted because "defendant did not work for them in any capacity at that time." (ECF No. 17 at 1.) On April 20, 2017, plaintiff filed a request for expedited discovery to accurately name the individual RN plaintiff stated he misnamed as Ramirez in the complaint. (ECF No. 18 at 1.) On May 12, 2017, plaintiff was provided a new USM-285 form for completion once he identified the proper defendant. (ECF No. 22.) In the addendum to his opposition, plaintiff claims that the actual name of the RN is "E. Tejeda," as shown in the appended CDCR 7371. (ECF No. 40 at 3, 7.)

"A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes *sua sponte* dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

Here, the record reflects that plaintiff concedes that defendant Ramirez was not the RN who reviewed plaintiff's medical records for the purpose of clearing his transfer to Wasco State Prison. Plaintiff has now identified E. Tejada as the RN he would like to substitute for defendant Ramirez. However, because E. Tejada or any other RN responsible for reviewing plaintiff's medical records and clearing his transfer to Wasco State Prison under the facts alleged herein would be entitled to qualified immunity just as defendant Lamb, the court will not recommend that plaintiff be granted leave to amend to name RN E. Tejada as a defendant.

12

The undersigned recommends that defendant Ramirez be dismissed from this action, and that this action be dismissed with prejudice.

VIII. Leave to Amend

Generally, prisoners proceeding without counsel are entitled to an opportunity to amend to rectify any pleading deficiency unless it appears from the complaint that the deficiency cannot be corrected through an amended complaint. James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000). Because defendant Lamb is entitled to qualified immunity, amendment would be futile as to plaintiff's claim that his brief layover at Wasco State Prison violated the Eighth Amendment. Therefore, plaintiff should not be granted leave to file an amended complaint.

IX. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to strike (ECF No. 42) is partially granted; and

2. The Court declines to consider plaintiff's addendum, construed as an unauthorized sur-reply, in connection with the motion to dismiss.

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 36) be partially granted;

2. Defendant Lamb be granted qualified immunity;

3. Defendant Ramirez be dismissed; and

4. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 22, 2018

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pric0099.mtd.12b6.vf