UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL C. PRICE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAMB, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-0099 TLN KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel, and allow him to obtain certain documents. Plaintiff argues that the issues in this case are complex, and that he "is not in a position to present several documents . . . essential to this court's fair consideration." (ECF No. 47 at 2.) Plaintiff seeks to obtain the federal receiver's exclusion policy as modified and adopted by the CDCR in June of 2013, and several declarations accepted by the Plata court from cocci experts. Plaintiff argues such evidence is compelling and supports his claims in this action. See Plata v. Brown, 2013 WL 3200587 (N.D. Cal. June 24, 2013).)

　　　　District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

On February 23, 2018, the undersigned recommended that defendant's motion to dismiss be granted on the grounds of qualified immunity. Thus, the recommended dismissal of this action is based on the unsettled state of the law, not a failure of proof or evidence to support plaintiff's position. (ECF No. 44 at 8.) The undersigned is well aware of the serious nature of Valley Fever, or cocci, and the risk it poses to individuals, particularly those with compromised immune systems. Nevertheless, having considered the factors under Palmer, including whether or not plaintiff is likely to succeed on the merits, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Thus, plaintiff's motion and his request for production of documents is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel and for the production of documents (ECF No. 47) is denied without prejudice.

Dated: March 20, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pric0099.31+